**Johanna Milena Granados RIOS, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 04–3650–ag.

United States Court of Appeals, Second Circuit.

March 4, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Troy A. Eid, U.S. Attorney, District of Colorado; Timothy B. Jafek, Assistant U.S. Attorney, District of Colorado, Denver, CO, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Johanna Milena Granados Rios, a native and citizen of Colombia, seeks review of a June 14, 2004 order of the BIA affirming the April 30, 2003 decision of Immigration Judge ("IJ") Matthew D'Angelo, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Johanna Milena Granados Rios*, No. A95 846 003 (B.I.A. Jun. 14, 2004), *aff'g* No. A95 846 003 (Immig. Ct. Hartford, CT Apr. 30, 2003). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (*en banc*). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

■ The agency's burden findings are not supported by substantial evidence. With regard to Granados' imputed political opinion claim, the IJ determined that "[t]here has been no testimony and no documentary evidence that anyone ever

threatened the respondent because of her politics, her family's politics or her family's imputed politics or her imputed politics." However, Granados claimed that her family believed that by paying money to the FARC, they would be cooperating with terrorists, and that they did not want to cooperate with people who did not respect human life. Further, Granados described the FARC's seizure and destruction of her family's boat as a reprisal for non-cooperation, and later described her father's "den[ial] to cooperate with the revolution" as the reason for the persecution of her family.

We recently had occasion to consider a claim of imputed political opinion, wherein the petitioner had been kidnapped by the FARC because of her knowledge of computers, a reason unrelated to her political opinion, in *Delgado v. Mukasey*, 508 F.3d 702, 707 (2d Cir.2007). In *Delgado*, we found that although the petitioner was originally kidnaped because of a non-political reason, "it did not necessarily follow that … her refusal to provide further technological assistance did not support a well-founded fear of future persecution on account of an imputed political opinion." *Id.* Likewise, while Granados' family may have initially been targeted because of their status as wealthy property and business owners, the agency failed to consider whether the confluence of their socio-economic class, their political affiliation, and their refusal to "cooperate" with the FARC, could have led the FARC to impute an anti-FARC political opinion to them. *Id.*

■ Second, we note the IJ's finding that, even if Granados were able to show a nexus, the threats, although "very serious," did not constitute past persecution. It is well established that past persecution may be sufficient, on its own, to establish eligibility for asylum. *See Matter of Chen,* 20 I. & N. Dec. 16, 18, 22 (BIA 1989). While we have generally rejected claims of past persecution based on unfulfilled threats alone, *see Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir. 2002), we have also found that "non-physical forms of harm" may rise to the level of persecution. *Ivanishvili v. U.S. Dept. of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Moreover, a number of our sister Circuits have explicitly recognized that psychological harm may, in some circumstances, support a finding of past persecution. *See Ouk v. Gonzales,* 464 F.3d 108, 111 (1st Cir.2006) (noting that "[u]nder the right set of circumstances, a finding of past persecution might rest on a showing of psychological harm" (quotation marks omitted)); *Mashiri v. Ashcroft,* 383 F.3d 1112, 1120 (9th Cir.2004) ("Persecution may be emotional or psychological, as well as physical."); *Abay v. Ashcroft,* 368 F.3d 634, 642 (6th Cir.2004) (holding that the applicant was entitled to asylum "based on her fear that her daughter will be forced to undergo female genital mutilation" because her "fear of … being forced to witness the pain and suffering of her daughter is well-founded"). Further, the Ninth Circuit has held that "unfulfilled threats" can rise to the level of persecution if they are "so menacing as to cause significant actual suffering or harm." *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000).

While we have never considered whether death threats that cause severe psychological harm rise to the level of persecution, the agency should have done so within the context of the required cumulative past persecution analysis of Granados' claim. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005). We have held that the difference between harassment and persecution is one of degree, which must be assessed with regard to the context in which the mistreatment

occurs. *Beskovic v. Gonzales*, 467 F.3d 223 (2d Cir.2006). We have also suggested that psychological trauma suffered in the context of a war-torn society is also relevant to the past persecution determination. *Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 150–51 (2d Cir.2006). Therefore, remand is also required where the agency failed to evaluate both the context in which the FARC made its threats against Granados, as well as the severe psychological harm that may have resulted from those threats, in making its past persecution determination.

■ While past persecution creates a rebuttable presumption of a well-founded fear of future persecution, this presumption may be rebutted by a showing that an applicant could avoid persecution by relocating to another part of the country of removal. 8 C.F.R. § 1208.16(b)(1). Here, the IJ found that "[t]here has been no testimony, credible or otherwise, that the respondent could not internally relocate to another part of Colombia," and that Granados "testified consistently that the times that she lived at her biological mother's apartment, which is a half-hour away by car from her father's house, that she was unharmed." However, Granados additionally testified that she could not live outside of Bogota "[b]ecause [the FARC] are all over in many places. They know a lot of people and they know how to find someone." In support of this position, she provided an INS Resource Information Center document in the record entitled "Colombia: Information on Prospects for Avoiding Threats from Armed Groups by Relocating in Country" which describes the FARC as having a "presence in virtually all of the nations' 32 departments and urban centers and has a country wide capability to harm." Accordingly, the IJ's finding that the record includes "no testimony, credible or otherwise, that the re-spondent could not internally relocate to another part of Colombia," is not supported by substantial evidence. *See Jorge–Tzoc v. Gonzales*, 435 F.3d at 150; *Yan Chen v. Gonzales*, 417 F.3d 268, 272–73 (2d Cir.2005).

■ Finally, we note that the IJ erred in requiring that Granados support her CAT claim with evidence "that the government of Colombia would torture her or an agent of the government of Colombia would torture her." We have emphasized that "torture" under CAT is an "act by which severe pain or suffering, whether physical or mental, is intentionally inflicted . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Delgado*, 508 F.3d at 708 (citing 8 C.F.R. § 1208.18(a)). We further specified that "[a]cquiescence does not require official consent or approval; it requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Id.* (citing *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir.2004)). Record evidence demonstrates that Granados' father went to the Colombian authorities for help, but that they determined that his case did not warrant special attention, and that it was "not possible [for the government] to assume the responsibility of giving guarantee to [his] life." The failure of the IJ to apply the proper standard and consider record evidence warrants remand. *See Delgado*, 508 F.3d at 702 (noting that remand is required where the "agency's application of the law with respect to government acquiescence in third-party actions does not seem to comport with our most recent rulings on that point").

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further find-

ings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).